## CHARLES WARE *v*. THE STATE.

1. THEFT.—An indictment for the theft of several articles may allege an aggregate value to the whole, without alleging a separate value to each of the articles. But it has been decided in this state that, to convict under such an indictment, the proof must show the theft of all the articles.

2. CERTAINTY.—An indictment charged the theft of sundry different articles of clothing and household goods, describing them only by number and name, and alleging an aggregate value to the whole, with a statement that a more specific description was to the grand jurors unknown. *Held*, to be sufficiently certain to enable the accused to plead the judgment in bar of another prosecution for the same offense—which is the statutory criterion of certainty in an indictment.

3. OWNERSHIP.—If a married woman has been abandoned by her husband, the ownership of community property stolen from her possession may be alleged to be in her.

APPEAL from the District Court of Marion.    Tried below before the Hon. B. T. ESTES.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.    The defendant was indicted, tried, and convicted, in the district court of Marion county, for theft, and his punishment assessed at seven years in the penitentiary. He filed motions for new trial and in arrest of judgment, which were overruled, and he has taken an appeal to this court.

The defendant assigns as error the overruling of his motion in arrest of judgment by the lower court. The following is a copy of defendant's motion in arrest of judgment, viz. : " Now comes the defendant and moves the court to arrest the judgment against him in the case, because the bill of indictment against him in this case is fatally defective, because the property alleged to have been stolen is not

sufficiently described to enable the defendant to plead the judgment against him in this case in bar of another prosecution for the same offense, and for defects apparent on the face of the indictment.''

We will give below the charging part of the indictment, which is as follows: '' That on the twenty-third day of January, in the year of our Lord one thousand eight hundred and seventy-seven, in the county of Marion and state aforesaid, one Charles Ware, late of said county, did unlawfully, feloniously, and fraudulently, and without the consent of the owner thereof, take, steal, and carry away from and out of the possession of one Adeline Williams three dresses, a more specific description whereof is to the grand jurors unknown, three underskirts, three quilts, two matrasses, one blanket, two pillows, two pillow-slips, two pairs of drawers, one pair slippers, six dresses, six underskirts, six pairs drawers, children's clothing, six books, six plates, one coffee-pot, and one accordion, a more specific description of said articles being to the grand jurors unknown, and said articles being then and there of the aggregate value of thirty-five dollars, the corporeal personal property of the said Adeline Williams, with the unlawful and fraudulent intent of him, the said Charles Ware, to deprive the owner of the value of the same, and to appropriate it to the use and benefit of him, the said person taking the same," etc.

We believe that the property alleged to be stolen is sufficiently described in the indictment. "The certainty required in the indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." Pasc. Dig., Art. 2865.

The indictment in this case is for the theft of several articles of the aggregate value of $35. It is sufficient to allege such aggregate value; it is not absolutely necessary that the separate value of each article be set out; but, to

convict upon such indictment, it has been decided by our supreme court that the testimony must show the theft of all the articles alleged to have been stolen.  *Thompson* v. *The State*, 43 Texas, 268.

The evidence in this case clearly shows that all the articles mentioned in the indictment were stolen, and that they are of the aggregate value of $35. · The property in the indictment charged to have been stolen by defendant is described as the property of Adeline Williams.  The evidence is that she is a married woman; that she had been abandoned by her husband for two or three years; that she did not know where her husband was; and that since her separation he had not contributed anything to her support; and she testified that the stolen property was her property.

The ownership of the property was sufficiently alleged. Even if it had been community property between her and her husband (which was not the case), the ownership, under the circumstances, might properly have been alleged to be in the wife.  Our supreme court have said, in the case of *Ann Berta Lodge* v. *Leverton* (42 Texas, 18), "It is not an open question in this court that the wife, when forced by the action of the husband to assume and fulfill the duties of a *feme sole* or the head of the family, may exercise the rights and privileges of such position."  See, also, the case of *Fullerton* v. *Doyle*, 18 Texas.  We find no error committed in the lower court on the trial of the cause.  The evidence abundantly supports the verdict and judgment.

The judgment is affirmed.

*Affirmed.*